## Harris v. Commonwealth.

(Decided May 25, 1934.)

SHUMATE & SHUMATE for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant was convicted of the offense of grand larceny and sentenced to serve one year in the penitentiary. He appeals.

The appellant was charged with the stealing of a sawed off Army rifle of German make, and one pair of handcuffs, the personal property of C. C. Stanfill, who at the time of the theft was the sheriff of Estill county. When the case came on to be tried, appellant's counsel in his opening statement admitted that his client had stolen the rifle, but insisted that it was of trivial value, and that inasmuch as his client knew nothing of the handcuffs, the utmost the jury could find his client guilty of was petit larceny. On the trial, the commonwealth introduced witnesses who testified without objection on the part of the appellant that they were familiar with the market value of the rifle at the time it was stolen and that it alone was worth in excess of $20. There was testimony to show that the handcuffs were worth $8. The commonwealth also produced Violet Flynn who testified that a few months before the trial she had had a conversation with the appellant in which they were discussing the "caging and stealing of things," and that appellant had said he was good at that and that he had caged a high powered rifle and some handcuffs. Appellant did not offer any evidence to contradict this witness, although he did produce some evidence to the effect that this German rifle, admittedly a high powered one, was not worth as much as $10. The court instructed the jury in substance that if they believed the appellant stole the rifle and the handcuffs, and that these articles

were worth more than $20, they should find the appellant guilty of grand larceny, but if worth less than $20, petit larceny.

Appellant insists, first, that the court should not have coupled the handcuffs with the rifle because there was no evidence that appellant had stolen the handcuffs. In this counsel is in error. The fact that the handcuffs and rifle disappeared at the same time and that appellant through his counsel admitted in court having stolen the rifle, and it being uncontradicted that he told Violet Flynn that he had stolen a rifle and handcuffs, there was, despite appellant's plea of not guilty, evidence to go to the jury on the issue whether he had stolen these handcuffs.

It is next insisted that there was no competent evidence that the rifle was worth more than $20. Aside from the fact that the jury could not convict the appellant of grand larceny, unless it believed he had stolen both the rifle and the handcuffs, there was ample evidence not objected to by appellant to the effect that the rifle alone was worth far more than the amount necessary to constitute its theft grand larceny.

The judgment is affirmed.